UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
      Plaintiff,                    )
                                    )
      v.                            )   Civil Action No.  15-14060
                                    )
                                    )   Honorable
PARKSIDE EAST, INC.;                )   Magistrate Judge
HOLT MANOR, INC.;                   )
KELLY MANOR, INC.; and              )
SUDI HOPPER,                        )
                                    )
      Defendants                    )
_____)

## COMPLAINT

The United States of America alleges as follows:

## NATURE OF THE ACTION

1. This action is brought by the United States to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 (the Fair Housing Act).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3614(a).

3. Venue is proper under 28 U.S.C. § 1391(b), because the Defendants are incorporated or reside in the Eastern District of Michigan and substantial parts

1

of the acts and omissions that form the subject matter of this Complaint occurred in the Eastern District of Michigan.

## PARTIES

4. Plaintiff is the United States of America.

5. Defendants Parkside East, Inc., Holt Manor, Inc., and Kelly Manor, Inc. are corporations incorporated in the State of Michigan and the principal office of each is located at 4885 Franklin Road, Bloomfield Hills, Michigan 48302 in the Eastern District of Michigan.

6. At all times relevant to this Complaint, Defendant Parkside East, Inc. has been the owner of Parkside Apartments.

7. At all times relevant to this Complaint, Defendant Holt Manor, Inc. has been the owner of Holt Manor Apartments.

8. At all times relevant to this Complaint, Defendant Kelly Manor, Inc. has been the owner of Kelly Manor Apartments.

9. Defendant Sudi Hopper is the rental agent and/or owner of Parkside Apartments, Holt Manor Apartments and Kelly Manor Apartments, who, at all times relevant to this Complaint, was authorized to act on Defendants' behalf for the purpose of renting out units at the properties. Defendant Hopper resides in Bloomfield Hills, Michigan, in the Eastern District of Michigan.

## SUBJECT PROPERTIES

10. Parkside East Apartments is a three story, multi-family residential complex with forty-one (41) one-bedroom apartments, located at 1224 E. Saginaw Street, East Lansing, Michigan in the Western District of Michigan.

11. Holt Manor Apartments is a multi-family residential complex with twenty-three (23) one-bedroom units and four (4) two-bedroom units, located at 2372 Aurelius Road, Holt, Michigan in the Western District of Michigan.

12. Kelly Manor Apartments is a multi-family residential complex with seventeen (17) one-bedroom units and eight (8) two-bedroom units, located at 410 N. Ball Street, Owosso, Michigan in the Eastern District of Michigan.

13. The units at Parkside East Apartments, Holt Manor Apartments and Kelly Manor Apartments are dwellings within the meaning of 42 U.S.C. § 3602(b).

## DEFENDANTS' DISCRIMINATORY HOUSING PRACTICES

14. The Fair Housing Center of Southeastern Michigan (hereinafter, "Fair Housing Center") investigates complaints of illegal housing discrimination and disseminates information about fair housing laws in southeastern Michigan. Between October 2014 and January 2015, the Fair Housing Center conducted testing at Parkside East, Holt Manor and Kelly Manor Apartments to evaluate Defendants' compliance with the Fair Housing Act.

15. Testing is a simulation of a housing transaction that compares responses given by housing providers to different types of home-seekers and renters to determine whether illegal discrimination is occurring.

16. As described below, the testing conducted by the Fair Housing Center revealed that Defendants are engaged in housing practices that discriminate on the basis of familial status by maintaining and enforcing policies that prohibit families with children from renting one-bedroom units at the three properties.

    a. On about October 28, 2014, Parkside East Apartments advertised a one-bedroom unit for rent on the website Craigslist.com.

    b. On October 29, 2014, a tester from the Fair Housing Center called the telephone number listed in the online advertisement for Parkside East, and inquired about the apartment. Defendant Sudi Hopper asked her if she had any "kids or animals." The tester replied that she had a three-year-old daughter. Hopper replied, "We can't have any kids…one bedroom, no kids." Hopper terminated the call without offering the tester an application or a tour.

    c. On October 29, 2014, a second tester from the Fair Housing Center called the telephone number listed in the advertisement for Parkside East, and inquired about the apartment. Defendant Sudi Hopper asked the second tester whether she had any children. The tester responded that the

apartment was just for her and her husband. Hopper told the second tester that she had other callers who had children, and it was only a one-bedroom apartment. She invited the second tester to fill out a rental application and tour the apartment, and told her that the building was "very quiet."

     d.     In January 2015, Holt Manor Apartments listed a one-bedroom apartment for rent on Craigslist.com.

     e.     On January 8, 2015, a tester from the Fair Housing Center called the telephone number listed in the advertisement for Holt Manor Apartments, and inquired about the apartment. Defendant Sudi Hopper asked the tester if she had any children or pets. The tester responded that she had a daughter, and that it would just be the two of them in the apartment. Hopper responded, "We can't have a kid in a one-bedroom," and terminated the call without offering the tester an application or tour.

     f.     On January 9, 2015, a second tester from the Fair Housing Center called the telephone number listed in the advertisement for Holt Manor Apartments and inquired about the apartment. Defendant Sudi Hopper asked the second tester whether she had any children or animals. The second tester replied that she did not have any children. Hopper told her that she did not allow children in a one-bedroom unit. She then offered the tester a tour and provided her with the phone number of the building

manager so that she could get additional information about the apartment. Hopper also told the second tester that she was the owner of the building. In a subsequent call on the same day, the second tester told Hopper that she was married. Hopper asked whether both she and her husband worked, and asked when they were going to look at the apartment.

      g.     On January 9, 2015, Kelly Manor, Inc. ran advertisements in the online version of the Owosso *Argus Press* for both a one-bedroom and a two-bedroom unit.

      h.     On January 24, 2015, a tester from the Fair Housing Center called the telephone number listed in the advertisement for Kelly Manor and inquired about the apartment. Defendant Sudi Hopper asked the tester whether she had any children or animals. The tester responded that she did not, and would only be sharing the apartment with her husband. Hopper asked whether she wanted a one-bedroom or the two-bedroom unit, and offered her a tour. The tester represented that she was interested in the one-bedroom unit. The tester asked whether there was anything else she should know about the unit, and Hopper replied that there was not, "as long as you don't have any kids or animals, because mainly my people are older people so…it's very quiet."

      i.      On January 26, a second tester from the Fair Housing Center called the telephone number listed in the advertisement for Kelly Manor and inquired about the apartment. Defendant Sudi Hopper asked the second tester if she had any children. The second tester replied that she had a son. Hopper told the second tester she could not rent a one-bedroom. The second tester asked if Hopper had any other properties available, and Hopper replied that she did not.

17.      The testing results described above revealed that Defendants are engaged in housing practices that discriminate on the basis of familial status by:

      a.      Denying, or refusing to negotiate for the rental of, or otherwise making unavailable a dwelling because of familial status;

      b.      Discouraging and restricting families with children from renting certain dwellings based on familial status; and

      c.      Making or causing to be made statements with respect to the rental of a dwelling that indicate a preference, limitation, or discrimination based on familial status, or an intention to make such preference, limitation or discrimination.

18.      The conduct of Defendants described above constitutes:

   a. Refusing to negotiate for the rental of, or otherwise making unavailable or denying dwellings to persons because of familial status, in violation of 42 U.S.C. § 3604(a); and

   b. Discriminating against persons in the terms, conditions, or privileges of rental of a dwelling because of familial status, in violation of 42 U.S.C. § 3604(b); and

   c. Making statements with respect to the rental of a dwelling that indicate a preference, limitation, or discrimination based on familial status, in violation of 42 U.S.C. § 3604(c).

## CLAIMS FOR RELIEF

19. The conduct of Defendants described above constitutes:

   a. A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*; and

   b. A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*, which denial raises an issue of general public importance.

20. Persons who may have been victims of Defendants' discriminatory housing practices are "aggrieved persons" as defined in 42 U.S.C. § 3602(i), and may have suffered damages as a result of the conduct described above.

21.     Defendants' conduct described above was intentional, willful, and taken in disregard for the rights of families with children.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the United States prays that the Court enter an order that:

1.     Declares that Defendants' policies and practices as alleged herein violate the Fair Housing Act;

2.     Enjoins Defendants, their officers, employees, agents, successors, and all other persons in active concert or participation with any of them, from:

   a.     Discriminating against any person on the basis of familial status in any aspect of the rental of a dwelling;

   b.     Failing or refusing to make, print, or publish statements that dwellings owned or operated by Defendants are available to all persons on a non-discriminatory basis;

   c.     Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct; and

   d.     Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of Defendants' unlawful practices;

3. Awards monetary damages, pursuant to 42 U.S.C. § 3614(d)(1)(B), to all persons harmed by Defendants; and

4. Assesses a civil penalty against Defendants in an amount authorized by 42 U.S.C. § 3614(d)(1)(C) and 28 C.F.R. § 85.3(b)(3) to vindicate the public interest.

The United States further prays for such additional relief as the interests of justice may require.

Dated:	November 19, 2015

|  |  |
|---|---|
| | LORETTA E. LYNCH |
| | Attorney General |
| | |
| | /s/ Vanita Gupta |
| BARBARA L. MCQUADE | VANITA GUPTA |
| United States Attorney | Principal Deputy Assistant Attorney General |
| Eastern District of Michigan | Civil Rights Division |
| | |
| /s/ Sarah Karpinen | /s/ Steven H. Rosenbaum |
| SARAH KARPINEN, P63289 | STEVEN H. ROSENBAUM |
| Assistant United States Attorney | Chief |
| 211 W. Fort Street, Suite 2001 | |
| Detroit, Michigan 48226 | /s/ Nancy F. Langworthy |
| (313) 226-9595 | TIMOTHY J. MORAN |
| Sarah.Karpinen@usdoj.gov | Deputy Chief |
| | NANCY F. LANGWORTHY |
| | Trial Attorney |
| | United States Department of Justice |
| | Housing and Civil Enforcement Section |
| PATRICK A. MILES, JR. | 950 Pennsylvania Avenue, N.W. |
| United States Attorney | Northwestern Building, 7th Floor |
| Western District of Michigan | Washington, DC 20530 |
| | Tel: (202) 616-8925 |
| /s/ W. Francesca Ferguson | Fax: (202) 514-1116 |
| W. FRANCESCA FERGUSON (P30440) | Nancy.Langworthy@usdoj.gov |
| Assistant United States Attorney | |
| Post Office Box 208 | |
| Grand Rapids, Michigan 49501-0208 | |
| (616) 456-2404, ext. 12020 | |
| Francesca.Ferguson@usdoj.gov | |

# Certificate of Service

I hereby certify that on November 19, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all electronic parties of record.

I further certify that I have mailed by U.S. mail the paper to the following non-ECF participants:

Matthew A. Brauer
RUTLEDGE, MANION, RABAUT, TERRY & THOMAS, P.C.
333 W. Fort Street, Suite 1600
Detroit, MI 48226
313-965-6100
mbrauer@rmrtt.com

                                      */s/ Sarah Karpinen*
                                      SARAH KARPINEN, P63289
                                      Assistant United States Attorney
                                      211 W. Fort Street, Suite 2001
                                      Detroit, Michigan 48226
                                      (313) 226-9595
                                      Sarah.Karpinen@usdoj.gov