UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Case No. 15-cv-14060
Hon. Sean F. Cox

PARKSIDE EAST, INC., a Michigan
Corporation, et al.,

_____/

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**
.

    NOW COME Parkside East, Inc., Holt Manor, Inc., Kelly Manor, Inc., and Sudi Hopper, by and through their attorney, Joseph Falcone, and for their Answer to the Complaint, state as follows:

1. Admit that the Plaintiff brought this action, but deny the remaining allegations for lack of sufficient knowledge upon which to base an answer and therefore deny the same as untrue.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Admit that Sudi Hopper has been the rental agent of Parkside Apartments, Holt Manor Apartments and Kelly Manor Apartments and was authorized to act on Defendants' behalf for purpose of renting out the units at the properties and that Defendant Hopper resides in Bloomfield Hills, Michigan, in the Eastern District of Michigan. Deny the remaining allegations as untrue.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Neither admit nor deny for lack of knowledge, and therefore deny the same as untrue.

16. Deny as untrue that Defendants are engaged in housing practices that discriminate on the basis of familial status by maintaining and enforcing policies that prohibit families with children from renting one-bedroom units at the three properties.

    a. Admit.

    b. Admit.

    c. Admit.

    d. Admit.

    e. Admit.

2

    f. Admit.

    g. Admit.

    h. Admit.

    i. Admit.

17. Deny as untrue that Defendants are presently engaged in housing practices that discriminate on the basis of familial status as stated in the allegation.

18. Deny as untrue that Defendants are presently engaged in any of the conduct alleged in paragraph 18 of the Complaint.

19. Deny as untrue that Defendants are presently engaged in conduct that constitutes any of the activity set forth in paragraph 19 of the Complaint.

20. Deny as untrue. Plaintiff misquotes the statute.

21. Deny as untrue.

WHEREFORE, Defendants pray that this Honorable Court deny the relief prayed for in the Complaint, enter a judgment for no cause of action and award Defendants their costs and attorneys fees so wrongfully incurred.

*/s/ Joseph Falcone*          December 18, 2015
Joseph Falcone (P25727)
Attorney for Defendants
3000 Town Center, Suite 2370
Southfield, MI 48075
248-.57-6610
jf@lawyer.com

## AFFIRMATIVE DEFENSES

NOW COME Defendants and for their Affirmative Defenses state as follows:

1. The Complaint fails to state a cause of action in whole or in part.

2. The Plaintiff lacks standing to sue on behalf of persons who are unidentified and/or who have already received damages.

3. Plaintiff's complaint is barred, in whole or in part, by the statute of limitations.

4. Any action by Defendants was justified by a reasonable occupancy standard.

5. The Defendants has the right to check the rental history of all prospective tenants.

6. Any action by Defendants was justified by reasonable health and safety concerns.

7. The dwelling units in issue may be exempted from the coverage of the Fair Housing Act, such as housing for older persons.

8. If it is found that Defendants violated the Fair Housing Act, such violation occurred without the knowledge that the action violated the law and was not with reckless indifference to anyone's rights.

9. Defendants no longer engage in any activity that could be considered a violation of the Fair Housing Act and therefore there is no need or requirement for an injunction. There are no discriminatory housing practices that are about to occur.

10. There is no imminent threat of future injury that require injunctive relief.

11. Defendants have paid all damages claimed in the lawsuit by the Fair Housing Center of Southeastern Michigan as claimed in their lawsuit in this court and therefore, any claim for damages have been paid and satisfied.

12. There is no need for a civil penalty as Defendants have fully paid all damages and no longer engage in any improper practice.

13. Defendants reserve the right to add further affirmative defenses as they become known.

14. Defendants demand a reply to their affirmative defenses.


 /s/ Joseph Falcone_____          December 18, 2015
Joseph Falcone (P25727)
Attorney for Defendants
3000 Town Center, Suite 2370
Southfield, MI 48075
248-.57-6610
jf@lawyer.com